**Harmer v. Horsham Hospital, Inc. (No. 2)**

*James E. Beasley,* for plaintiff.
*Charles B. Burr, Richard L. Goerwitz, Jr.,* and *John F. Hunt,* for defendants.

FRANKSTON, *Administrator,* September 9, 1980—On August 25, 1980 plaintiff filed a motion for reconsideration of our opinion and order of August 15, 1980, D. & C. 3d 458 (1980). In the opinion and order we refused plaintiff's motion to award damages for delay pursuant to Pa.R.C.P. 238. Defendant Horsham Hospital, Inc. filed opposition to both the original motion and the motion for reconsideration.

We disagree with plaintiff's contention that the Supreme Court intended the Administrator to award damages pursuant to Pa.R.C.P. 238. The rule specifies that ". . . the *arbitrators* appointed under . . . the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq., shall (1) add to the amount of compensatory damages in the award of the arbitrators . . . damages for delay. . . ." (Emphasis supplied.) If the Supreme Court had intended for the Administrator to act, it would have so indicated as it did elsewhere in the Rules of Civil Procedure. See Pa.R.C.P. 1801 through 1809.

Second, plaintiff contends that it would be impracticable for an arbitration panel to award damages for delay. However, the arbitration panel chairperson, an attorney with at least three years of trial experience, is certainly able to make the com-

putations required by Pa.R.C.P. 238. See 37 Pa. Code §171.75(c). Further, we note that Philadelphia Court Rule 180 outlines a simple procedure for a compulsory arbitration panel to consider damages for delay without a premature disclosure of prior offers. See also 1 Goodrich-Amram 2d §238:1.

Third, plaintiff requests that we recall the arbitration panel and submit to it the issue of damages for delay. Plaintiff cites no authority for this proposition and we find none in the Health Care Services Malpractice Act, in our Rules of Practice and Procedure, 37 Pa. Code §171.1 et seq., or in Pa.R.C.P. 238. Accordingly, we enter the following

## ORDER

And now, September 9, 1980, upon consideration of plaintiff's motion for reconsideration, filed August 25, 1980, and the answer to motion, filed by defendant Horsham Hospital, Inc. on September 4, 1980, it is hereby ordered and decreed that the motion for reconsideration is denied for the reasons set forth in the above memorandum opinion. We are of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.